UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CR-20944-KMM

UNITED STATES OF AMERICA,

v.

FELIPE GALLARDO,

    Defendant.
_____/

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States, by and through the undersigned Assistant United States Attorney, hereby opposes defendant Felipe Gallardo's motion for early termination of supervised release (DE65).

## BACKGROUND

In March 2014, Gallardo pled guilty to one count of knowingly importing a detectable amount of heroin into the United States from Ecuador, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) (DE23; DE24). As described in the PSI, Gallardo served as a courier in the importation of 6.67 kilograms of heroin hidden inside his luggage (PSI ¶¶15-17).

Prior to sentencing, the government filed a § 5K1.1 motion for a downward departure from Gallardo's advisory guideline range of 87 to 108 months' imprisonment, citing his substantial assistance in the arrest and conviction of another individual involved in the importation scheme (DE32; PSI ¶¶19-23).

In May 2014, this Court granted the government's § 5K1.1 motion and sentenced Gallardo to 47 months' imprisonment followed by the statutory mandatory minimum term of three years' supervised release (DE44; *see* 21 U.S.C. § 960(b)(3)).

In June 2019, Gallardo filed the instant motion for early termination of supervised release (DE65). He states that (1) he cooperated with the authorities following his arrest; (2) he has not had "any issues" with complying with the terms of his supervised release; and (3) he is trying to rebuild his family home following a catastrophic fire that took place in May 2019 (DE65).

Gallardo's term of supervised release is scheduled to end on November 30, 2019.

## ARGUMENT

After a defendant has completed one year of supervised release, this Court may terminate the term of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In reviewing such a motion, this Court is required to consider certain factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. *Id.* The decision whether to modify a term of supervised release is a discretionary one, and Rule 32.1(b) of the Federal Rules of Criminal Procedure does not require a hearing, because the relief requested is "favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c)(2).

In general, early termination of supervised release is reserved for rare cases where the defendant exhibits exceptionally good behavior or where other extraordinary circumstances exist.[1]

---

[1] *See, e.g.*, *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010) ("[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." (internal citation omitted)); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (referencing "exceptionally good behavior by the defendant" as a reason to modify a term of supervised release); *Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) ("[E]arly termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior."); *United States v. Reisner*, No. 4:06–CR–077–SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (same).

Moreover, full compliance with the terms of supervised release is not usually a basis to grant early termination.  *See, e.g.*, *Karacsonyi*, 1998 WL 401273, at *1 ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.")).

In this case, although Gallardo has complied with the terms of his supervised release, he has not cited any facts that demonstrate exceptionally good behavior or other extraordinary circumstances warranting early termination.  He points to the destruction by fire of his family home, and he notes that he and his family are trying to rebuild (DE65).  But he does not explain how that difficulty is incompatible with serving out the remaining five months of his supervised release.  In addition, Gallardo was convicted of a serious crime—importing heroin into the United States—and although he cooperated with law enforcement in the apprehension of another individual, this Court already incorporated that assistance into his sentence.

## CONCLUSION

Gallardo's motion for early termination of supervised release should be denied.

                                                                    Respectfully Submitted,

                                                                    ARIANA FAJARDO ORSHAN
                                                                    UNITED STATES ATTORNEY

By:          /s/ Aileen M. Cannon
                Assistant United States Attorney
                Florida Bar No. 0101484
                United States Attorney's Office
                Southern District of Florida
                101 South U.S. Highway 1, Ste. 3100
                Fort Pierce, Florida  34950
                (772) 293-0951
                aileen.cannon@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system on June 25, 2019.

                                    /s/Aileen M. Cannon
                                    AILEEN M. CANNON
                                    ASSISTANT U.S. ATTORNEY